### IN THE UNITED STATES DISTRICT COURT
### FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **ALEXIS SANTIAGO***, et al.* | |
| **Plaintiffs** | **CIVIL ACTION** |
| **v.** | **NO. 14-07109** |
| **CHRISTOPHER HULMES***, el al.* | |
| **Defendants** | |

**PAPPERT, J.**                                               **MARCH 30, 2015**

### MEMORADUM

        In this civil rights case, Plaintiffs allege that they were wrongfully detained, falsely

arrested, and/or maliciously prosecuted based on lies perpetrated by several Philadelphia Police

Officers.  They allege claims for deprivation of their constitutional rights and violation of state

tort law against the officers who participated in the investigation, arrest, and prosecution, as well

as the City of Philadelphia, the Police Commissioner, and several Deputy Commissioners.

Defendants move to dismiss several of the counts in Plaintiffs' Complaint for failure to state a

claim upon which relief can be granted.  The Court grants the motion.

**Factual Background**

        This case stems from the arrest and prosecution of Plaintiffs Exor Santiago ("Exor"),

Alexis Santiago ("Alexis"), and Margarita Santiago ("Margarita")[1] for possession of a controlled

substance with intent to distribute and related offenses.  (Compl. ¶ 33, Doc. No. 1.)  The charges

against Exor were later dismissed.  (*Id.* ¶ 100.)  Alexis, however, pled guilty to possession of a

controlled substance and was sentenced to eight to sixteen months confinement followed by

---

[1]        The Complaint alleges that Margarita was "placed into custody."  (Compl. ¶ 82.)  It is unclear, however, if
Margarita was ever arrested, charged, or prosecuted.

eight to sixteen months of probation.  (*Id.* ¶ 101.)  He has since filed a motion for a new trial based on newly discovered evidence, which is currently pending.  (*Id.* ¶ 105.)

Plaintiffs allege that the arresting officers verbally abused and physically assaulted them and unlawfully searched Alexis' vehicle.  (*Id.* ¶ 89-92, 96.)  They further allege that the arresting officers seized certain amounts of cash during the arrest, kept some for themselves, and booked a fraction of the amount seized into the police property room.  (*Id.* ¶¶ 88, 93.)  Plaintiffs allege that Philadelphia Police Officers Hulmes, Reilly, Banning, McCauley, Ellingsworth, Lister, Lynch, Jones, Flynn, Taylor, Brooks, and Wright along with Police Sergeants Didonato and Giulian (the "Officer Defendants") were directly involved in the investigation, arrest, and prosecution.  They contend that Police Commissioner Ramsey, First Deputy Commissioner Ross, and Deputy Commissioners Bethel, Wright, Blackburn, and Turpin (the "Commissioner Defendants") failed to properly train and supervise the Officer Defendants.  (*See id.* ¶ 126.)

Nearly a year and a half after Plaintiffs' arrests, and just months after Alexis' guilty plea, it was revealed that Officer Hulmes had lied under oath in an unrelated case.  (*Id.* ¶ 102.)  Officer Hulmes and his partner, Officer Banning, were then removed from active duty pending an investigation by the Philadelphia Police Internal Affairs Department.  (*Id.*)  As noted above, both Officers were directly involved in Plaintiffs' arrests.  Officer Hulmes completed the arrest report and testified at the subsequent criminal proceedings against Plaintiffs.  (*Id.* ¶ 35-36.)  Plaintiffs allege that "every accusation by the Police Officers against [Plaintiffs] was false . . . ."

Plaintiffs have sued the City of Philadelphia, the Officer Defendants, the Commissioner Defendants, and several Jane and John Doe Defendants.  Plaintiffs assert causes of action for assault and battery (Count I), false arrest (Count II), false imprisonment (Count III), malicious prosecution (Count IV), intentional infliction of emotional distress (Count V), negligent

infliction of emotional distress (Count VI), conversion (Count VII), negligence (Count VIII), defamation (Count IX), and invasion of privacy (Count X).  Plaintiffs allege that this Court has federal question jurisdiction over the subject matter of the dispute and supplemental jurisdiction over Plaintiffs' state law claims.  (*Id.* ¶¶ 2-3.)  They do not specify which claims they assert as violations of their federal civil rights under 42 U.S.C. § 1983 and which claims they assert as violations of state tort law.  Consequently, the Court will construe the Complaint to assert both a § 1983 claim and a state law claim where appropriate.

Specifically, the Court construes Plaintiffs' claims for assault and battery, false arrest, false imprisonment, and malicious prosecution to allege both a violation of state tort law and a violation of Plaintiffs' constitutional rights under the Fourth Amendment, made applicable to the states via the Fourteenth Amendment.  *See Groman v. Twp. of Manalapan*, 47 F.3d 628, 633-34 (3d Cir. 1995).  Similarly, the Court construes Plaintiffs' claim for invasion of privacy to allege both a violation of state tort law and a violation of Plaintiffs' due process rights under the Fourteenth Amendment.  *See Doe v. SEPTA*, 72 F.3d 1133, 1137 (3d Cir. 1995) (recognizing that a claim under 42 U.S.C. § 1983 can be grounded in a Fourteenth Amendment right to privacy). The Court construes Plaintiffs' claims for intentional infliction of emotional distress, negligent infliction of emotional distress, negligence, and defamation to allege violations of state tort law only.  *See Sergio v. Doe*, 769 F.Supp. 164, 166 (3d Cir. 1991) ("[C]laims for humiliation, mental anguish, stress and emotional harm do not by themselves state a cognizable § 1983 claim."); *Boyanowski v. Capital Area Intermediate Unit*, 215 F.3d 396, 401 (3d Cir. 2000) ("The Supreme Court has made clear that federal courts are not to view defamatory acts as constitutional violations."); *see also DeShaney v. Winnebago Cnty. Dept. of Soc. Servs.*, 489 U.S. 189, 202

(1989) ("[T]he Due Process Clause of the Fourteenth Amendment . . . does not transform every tort committed by a state actor into a constitutional violation.").

Defendants challenge a number of Plaintiffs' claims under Rule 12(b)(6) for failure to state a claim upon which relief can be granted.  (*See* Mot. for Partial Dismissal, Doc. No. 3.)  The Commissioner Defendants contend that all claims against them must be dismissed.  Additionally, the Officer Defendants[2] contend that (i) Plaintiffs fail to state a plausible claim for false arrest, false imprisonment, and malicious prosecution; (ii) the Pennsylvania Political Subdivision Tort Claims Act (the "Tort Claims Act") immunizes the Officer Defendants from Plaintiffs' claims for negligent infliction of emotional distress and negligence; and (iii) the applicable statute of limitations bars Plaintiffs' state law claims for defamation and invasion of privacy.  The Officer Defendants do not challenge Plaintiffs' claims for assault and battery, intentional infliction of emotional distress, or conversion.  (*See id.*)

Plaintiffs, who are represented by counsel, did not respond to the Defendants' motion. This allows the Court, if it so chooses, to grant the motion without analyzing the merits of Defendants' arguments.  *See Stackhouse v. Mazurkiewicz*, 951 F.2d 29, 30 (3d Cir. 1991) (explaining that if a party represented by counsel fails to oppose a motion to dismiss, the district court may treat the motion as unopposed and subject to dismissal without a merits analysis). Nevertheless, the Court has thoroughly analyzed the merits of the arguments advanced by Defendants in support of their motion.

---

[2]      The Motion to Dismiss is filed on behalf of all of the Officer Defendants except Officers McCauley and Brooks.  Nevertheless, because Officers McCauley and Brooks are similarly situated to the other Officer Defendants from a legal standpoint, the Court will *sua sponte* include them in its analysis of the Motion.  *See, e.g., Joe Hand Promotions, Inc. v. Rennard St. Enter., Inc.*, 954 F.Supp. 1046, 1055-56 (E.D. Pa. 1997) ("[L]ogic dictates that if the complaint fails for one defendant, it must fail for the remaining defendants.").

**Legal Standard**

A Rule 12(b)(6) motion tests the sufficiency of the factual allegations in the complaint. *Kost v. Kozakiewicz*, 1 F.3d 176, 183 (3d Cir. 1993). When confronted with a 12(b)(6) motion, a district court must conduct a two-step analysis. *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009). First, the district court "must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions." *Id.* at 210-11. Then, it "must determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a 'plausible claim for relief.'" *Id.* at 211 (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009)). When making this determination, the court can consider "the allegations contained in the complaint, exhibits attached to the complaint and matters of public record." *Pension Ben. Guar. Corp. v. White Consol. Indus., Inc.*, 998 F.2d 1192, 1196 (3d Cir. 1993). The district court must "construe the complaint in the light most favorable to the plaintiff . . . ." *Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 233 (3d Cir. 2008).

**Discussion**

<u>Claims against the Commissioner Defendants</u>

The Complaint fails to allege facts sufficient to state a plausible civil rights claim against the Commissioner Defendants. The Complaint does not allege that the Commissioner Defendants directly participated in any alleged violation of Plaintiffs' constitutional rights. Rather, it appears to attempt to impose liability on the Commissioner Defendants based on the actions of the officers under their charge. (*See, e.g.*, Compl. ¶¶ 108, 123 ("At all times relevant hereto, Defendants were acting . . . as employees and/or agents acting on behalf and/or pursuant to the supervision of [the Commissioner Defendants].") Nonetheless, "[a] defendant in a civil rights action must have personal involvement in the alleged wrongs; liability cannot be

predicated solely on the operation of *respondeat superior*.  *Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988).  Plaintiffs' § 1983 claims against the Commissioner Defendants are dismissed accordingly.

Plaintiffs' state law claims against the Commissioner Defendants are dismissed as well. The Tort Claims Act, 42 Pa.C.S.A. § 8541, *et seq.*, limits the liability of local agencies and their employees.  Specifically, the Tort Claims Act specifies that local agencies and their employees are liable only for negligent acts that fall into one of the following categories: (i) vehicle liability; (ii) care, custody, or control of personal property; (iii) care, custody, or control of real property; (iv) dangerous conditions of trees, traffic controls, or street lights; (v) dangerous conditions of utility services facilities; (vi) dangerous conditions of streets; (vii) dangerous conditions of sidewalks; and (viii) care, custody, or control of animals.  42 Pa.C.S.A. §8542.  Again, Plaintiffs claims against the Commissioner Defendants appear to be based upon a failure to train and supervise, a category for which the Tort Claims Act does not provide an exception to immunity. Plaintiffs' state law claims against the Commissioner Defendants are therefore dismissed.

<u>False Arrest (Count II), False Imprisonment (Count III), and Malicious Prosecution (Count IV)</u>

To the extent Plaintiffs assert constitutional violations for false arrest, false imprisonment, and malicious prosecution, the Complaint fails to state a plausible claim for relief.  To state a claim under 42 U.S.C. § 1983 for false arrest, false imprisonment, or malicious prosecution, Plaintiffs must allege facts to show a lack of probable cause.  *See Dowling v. City of Philadelphia*, 855 F.2d 136, 141 (3d Cir. 1988) ("The proper inquiry in a section 1983 claim based on false arrest or misuse of the criminal process is not whether the person arrested in fact committed the offense but whether the arresting officers had probable cause to believe the person arrested had committed the offense."); *Gatter v. Zappile*, 67 F. Supp. 2d 515, 519 (E.D. Pa. 1999)

("Probable cause is a necessary element for [] malicious prosecution and false arrest claims."). Probable cause exists when "the facts and circumstances within the arresting officer's knowledge are sufficient in themselves to warrant a reasonable person to believe that an offense has been or is being committed by the person to be arrested." *Estate of Smith v. Marasco*, 318 F.3d 497, 514 (3d Cir. 2003).

Here, the facts alleged by Plaintiffs, when construed in a light most favorable to them, do not plausibly establish a lack of probable cause. The Complaint attempts to state a claim by reciting, nearly verbatim, the allegations in Officer Hulmes' arrest report and court testimony. (*See* Compl. ¶¶ 37-87.) It then makes the conclusory statement that "[e]very accusation by the Police Officers against Exor Santiago, Alexis Santiago, and Margarita Santiago was false . . . ." (Compl. ¶ 106.)

This final allegation, however, is the prototypical "naked assertion" without "further factual enhancement." *Bell Atl. v. Twombly*, 550 U.S. 544, 557 (2007). Plaintiffs do not allege what they believe actually happened the day of the arrest. They do not affirmatively assert facts to show that the Officer Defendants did not have probable cause. Their "bare-bones" allegation of falsehoods and fabrications does not meet the applicable pleading standard. *See Fowler*, 578 F.3d at 210 ("[C]onclusory or 'bare-bones' allegations will no longer survive a motion to dismiss . . . ."); *see also, e.g.*, *Dennis v. Evans*, No. 09-cv-656, 2011 WL 900911, at *6 (M.D. Pa. Feb. 2, 2011) (recommending dismissal of false arrest claim where "plaintiff failed to state which statements were false, what information was omitted from the affidavit of probable cause, and why the statement '... eight proscription [sic] pills, namely, xanax ...' is false."), *report and*

*recommendation adopted*, 2011 WL 901187 (M.D. Pa. Mar. 14, 2011).  Thus, the Complaint fails

to allege a plausible claim for relief under 42 U.S.C. § 1983.[3]

      The Complaint likewise fails to allege plausible state law claims for false arrest, false

imprisonment, and malicious prosecution.  Lack of probable case is an element of these claims

under Pennsylvania law as well.  *Renk v. City of Pittsburgh*, 641 A.2d 289, 293 (Pa. 1994) ("An

arrest based upon probable cause would be justified, regardless of whether the individual arrested

was guilty or not."); *Kelley v. Gen. Teamsters, Local Union 249*, 544 A.2d 940, 941 (Pa. 1988)

("A cause of action for malicious prosecution has three elements.  The defendant must have

instituted proceedings against the plaintiff 1) without probable cause, 2) with malice, and 3) the

proceedings must have terminated in favor of the plaintiff.").  Thus, to the extent Plaintiffs assert

these claims under state law, those claims fail for the same reasons they fail as §1983 claims.[4]

<u>Negligent Infliction of Emotional Distress (Count VI) and Negligence (Count VIII)</u>

      The Tort Claims Act bars Plaintiffs' state law claims for negligent infliction of emotional

distress and negligence.  As explained above, the Tort Claims Act specifies that local agencies

and their employees are liable for negligent acts only if they fall within one of eight specified

categories.  Plaintiffs' claims do not fall into any of the specified categories.  Consequently,

Defendants are immune from liability under these claims.

---

[3]     Alexis Santiago's guilty plea and conviction, which have not been overturned or invalidated, also bars him from asserting a claim for malicious prosecution under § 1983.  *See Gilles v. Davis*, 427 F.3d 197, 209 n.8 (3d Cir. 2005) ("[A] a guilty plea [is] sufficient to bar a subsequent § 1983 claim [for malicious prosecution].").

[4]     Defendants contend that the factual averments in the Complaint conclusively establish that probable cause existed.  (Mot. for Partial Dismissal at 8-11.)  The Court does not agree.  The factual averments in the Complaint that Defendants contend establish probable cause are taken from the arrest report and are later alleged to be untrue. (Compl. ¶ 106.)  Construing these allegations in the light most favorable to the Plaintiffs, the Court cannot say that probable cause existed.  Still, it is Plaintiffs' burden to state facts to make a plausible claim that probable cause *did not exist.  See, e.g.*, *Hart v. Tannery*, No. 10-cv-3675, 2011 WL 940311, at *10 (E.D. Pa. Mar. 14, 2011) (dismissing malicious prosecution claim where plaintiff "failed to plead sufficient facts that would establish that the proceedings lacked probable cause when initiated . . . .").  Stripping from the Complaint the facts that Plaintiffs allege to be false, the Court is left with virtually no facts alleged to be true by which Plaintiffs can establish a lack of probable cause.

<u>Defamation (Count IX) and Invasion of Privacy (Count X)</u>

The statute of limitations bars Plaintiffs' state law defamation and invasion of privacy claims.  Pennsylvania law provides a one-year limitations period for defamation and invasion of privacy claims.  42 Pa.C.S.A. § 5523.  Plaintiffs allege that Defendants defamed them and invaded their privacy through false statements made in police paperwork and during criminal proceedings.  (Compl. ¶¶ 213, 219.)  Plaintiffs point to an arrest report written on April 26, 2013 and testimony given on June 21, 2013.  (*Id.* ¶¶34-37.)  Plaintiffs do not allege that Defendants made any defamatory statements after June 21, 2013.  Plaintiffs did not file their Complaint until December 16, 2014, well beyond the one-year period in which these claims were actionable. Consequently, Counts IX and X are dismissed as state law claims.

Plaintiffs also fail to state a claim for invasion of privacy under § 1983.  The Constitution's protection of privacy rights is "limited to those rights of privacy which are fundamental or implicit in the concept of ordered liberty."  *SEPTA*, 72 F.3d at 1137 (citing *Paul v. Davis*, 424 U.S. 693, 713 (1976)) (quotation omitted).  Here, Plaintiffs allege that Defendants invaded their privacy by portraying them in a negative light through police records and court testimony.  (Compl. ¶ 219.)  The constitution does not guard against this type of invasion.  *See Scheetz v. The Morning Call, Inc.*, 946 F.2d 202, 207 (3d Cir. 1991) ("We conclude that the information contained in a police report is not protected by the . . . constitutional right of privacy.").

<u>Leave to Amend</u>

"[I]f a complaint is vulnerable to 12(b)(6) dismissal, a District Court must permit a curative amendment, unless an amendment would be inequitable or futile."  *Alston v. Parker*, 363 F.3d 229, 235 (3d Cir. 2004); *see also Phillips*, 515 F.3d at 236.  In civil rights cases such as this

one, leave to amend must be granted *sua sponte* before dismissing the complaint.  *Fletcher-Harlee Corp. v. Pote Concrete Contractors, Inc.*, 482 F.3d 247, 252 (3d Cir. 2007).

Here, granting leave to amend with regard to Plaintiffs' claims for negligent infliction of emotional distress, negligence, defamation, and invasion of privacy would be futile.  Those claims are conclusively barred.  The Tort Claims Act bars the state law claims for negligent infliction of emotional distress and negligence.  The applicable statute of limitations bars the state law claims for defamation and invasion of privacy.  Established precedent bars any constitutional claim for invasion of privacy.  The Court dismisses these claims with prejudice.

On the other hand, the Court will allow Plaintiffs the opportunity to amend their Complaint with respect to their claims for false arrest, false imprisonment, and malicious prosecution.  Dismissal of these claims is based on Plaintiffs' failure to separate alleged fact from alleged fiction and the consequent absence of fact to state a plausible claim that the arresting officers lacked probable cause.  Additional factual averments can cure this deficiency.  Furthermore, if Plaintiffs can allege facts to more directly link the Commissioner Defendants to the constitutional harm alleged under these counts, they may do so.  When filing an amended complaint, Plaintiffs would be prudent to distinguish their state law claims from their § 1983 claims and specifically allege the constitutional or federal law deprivation of rights giving rise to any claims under § 1983.

An appropriate order follows.

*/s/ Gerald J. Pappert*
GERALD J. PAPPERT, J.